In the Matter of S. Robert STRIEBEL, Respondent.

No. 69337.

Supreme Court of Missouri, En Banc.

Feb. 17, 1988.

Clement E. Burns, Jr., St. Louis, for plaintiff.

S. Robert Striebel, St. Louis, pro se.

BILLINGS, Chief Justice.

The Court adopts the findings and conclusions of The Honorable Kenneth W. Pratte, Judge of the Twenty–Fourth Judicial Circuit, Special Master, and agrees with the recommendation that respondent be suspended from the practice of law for sixty (60) days and pay the costs herein.

With minor modification, the report of the Special Master is as follows:

Respondent is a licensed attorney who practices law in the City of St. Louis. In August of 1982, Mr. Gene E. Beckman retained Respondent Striebel to represent him in a lawsuit brought against him and entitled "Lawton–Byrne–Bruner Insurance Agency v. Beckman," Cause Number 820–04031, pending in the Twenty–Second Judicial Circuit, Division 28 of the City of St. Louis, Missouri. Respondent indicated to Beckman that the latter probably had a defense to the lawsuit and that he would take care of the matter.

On or about August 17, 1982, respondent appeared in Associate Circuit Division 28 of the City of St. Louis and spoke to C.T. Rice, Jr., attorney for plaintiff, about the case. Respondent received, as the attorney for Beckman, a memorandum filed in Division 28 of the Circuit Court of the City of St. Louis, and dated August 17, 1982. The memorandum indicated that the cause had been set for trial on September 14, 1982. Respondent also received a letter dated August 27, 1982, from plaintiff's attorney C.T. Rice, Jr., confirming their conversation of August 27, 1982, and making a demand for settlement in the case.

On September 14, 1982, Respondent Striebel failed to appear in St. Louis City Circuit Court on behalf of Beckman, and never notified Mr. Beckman of that court date. Consequently, a default judgment was entered against Beckman in the sum of $604.28 and Beckman was served with a garnishment on the judgment. Beckman attempted unsuccessfully to contact respondent regarding the garnishment and the default judgment and eventually had to go to respondent's office in order to reach respondent. Respondent advised Beckman that the garnishment was a mistake and that he, Striebel, would look into it.

Thereafter, Beckman attempted on several occasions to contact respondent to inquire about the garnishment and eventually sent him a certified letter requesting that respondent call him to discuss the matter. In each instance, respondent failed to contact Beckman. Beckman thereafter retained other counsel to settle the garnishment and filed a complaint against respondent with the Bar Committee of the Twenty–Second Judicial Circuit.

The Information charged that respondent violated Disciplinary Rules 1–102(A)(1), 1–102(A)(4), 1–102(A)(5), 1–102(A)(6), 2–110(A)(2), 2–111(A)(3), 6–101(A)(3), 7–101(A)(1), 7–101(A)(2) and 7–101(A)(3) which provide, respectively:

DR–1–102. Misconduct.

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

\*     \*     \*     \*     \*     \*

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law.

DR 2–110. Withdrawal from Employment

(A) In general.

\*     \*     \*     \*     \*     \*

(2) In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.

**780**

(3) A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned.

DR 6–101. Failing to Act Competently

(A) A lawyer shall not:

\*    \*    \*    \*    \*    \*

(3) Neglect a legal matter entrusted to him.

DR 7–101. Representing a Client Zealously

(A) A lawyer shall not intentionally:

(1) Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules, except as provided by DR 7–101(B). A lawyer does not violate this Disciplinary Rule, however, by acceding to reasonable requests of opposing counsel which do not prejudice the rights of his client, by being punctual in fulfilling all professional commitments, by avoiding offensive tactics, or by treating with courtesy and consideration all persons involved in the legal process.

(2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2–110, DR 5–102, and DR 5–105.

(3) Prejudice or damage his client during the course of the professional relationship, except as required under DR 7–102(B).

The Special Master concludes that respondent violated each of the above Disciplinary Rules, with the exception of DR 2–111(A)(3). Respondent accepted employment from Beckman and then neglected the matter and prejudiced Beckman's interests by allowing a default judgment and garnishment to be taken against his client. Respondent exacerbated the neglect by failing to communicate with Beckman in spite of the latter's repeated attempts to contact him.

Respondent was previously issued and accepted Letters of Admonition from the Twenty–Second Judicial Circuit Bar Committee on November 14, 1985. The underlying matters which resulted in the issuance of those Letters of Admonition also involved neglect of legal matters entrusted to respondent.

The Court orders that respondent be and hereby is suspended from the practice of law for sixty days, commencing this date. Costs taxed against respondent.

All concur.