**In re Morgan STEWART, Respondent.**

No. 70600.

Supreme Court of Missouri,
En Banc.

Jan. 10, 1990.

Laura B. Allen, St. Louis, for informant.

Morgan Stewart, Washington, D.C., pro se.

## DISCIPLINARY PROCEEDING

ANTHONY P. NUGENT, Jr., Special Judge.

This case arises from an information in two counts filed by the Bar Committee of the Twenty–Second Judicial Circuit under Rule 5 based on the complaints of Larry Jones and David Leon Dortch. The information recites that the committee had found probable cause to believe that Morgan Stewart, an attorney, licensed in Missouri and practicing in the City of St. Louis, had engaged in conduct subject to the discipline of this Court.

The information describes respondent Stewart's alleged conduct with respect to both Larry Jones (Count I) and David Leon Dortch (Count II). It alleges that respondent Stewart violated Missouri Supreme Court Disciplinary Rule 1–102(A)(1); 6–101(A)(2), and (A)(3), effective through December 31, 1985. It also charges that he violated Rule 1.3, 1.4(a) and (b), and Rule 3.2, all effective January 1, 1986. The violations specified in Count I regarding Larry Jones are identical to those specified in Count II regarding David Leon Dortch.

The record shows that complainants Jones and Dortch took their complaints of respondent's misconduct to the bar committee. The committee notified Mr. Stewart of the complaints filed against him and directed him to appear at an informal hearing under the provisions of Rule 5.12. He failed to appear or otherwise present any evidence. The committee held a formal hearing under Rule 5.13(g), (h) and found probable cause to believe that Mr. Stewart had engaged in conduct subject to the discipline of this Court. Again, respondent Stewart failed to appear at the hearing or to present evidence on his own behalf.

Responding to the information filed by the bar committee, the Court appointed the Honorable Kenneth M. Romines of the Twenty-first Judicial Circuit as a master to hear evidence in connection with the allegations of the information and to report to this Court the evidence taken together with his findings of fact and conclusions of law. After due notice to respondent Stewart, Judge Romines heard evidence on the charges, but again, Mr. Stewart failed to appear or to cause any evidence to be presented on his behalf.

Judge Romines has now filed his master's report setting out his findings of fact together with his recommendation that the court disbar Morgan Stewart.

The evidence adduced before Judge Romines shows that in June, 1984, respondent Stewart met with Larry Jones and David Leon Dortch and agreed to act as attorney for each of them in their separate claims for employment discrimination. Thereafter, Mr. Stewart filed an action on behalf

of Mr. Jones in the Circuit Court of the City of St. Louis. In that case, attorneys for the defendants filed interrogatories to plaintiff, and in late December, 1984, or early January, 1985, Mr. Jones furnished Mr. Stewart his answers to those interrogatories. From that time until May 15, 1986, Larry Jones received no communication from Mr. Stewart or anyone acting for him despite numerous attempts by Mr. Jones to contact Mr. Stewart.

On May 15, 1986, Mr. Stewart again met with the two clients and informed Mr. Jones that his case was on appeal and that Mr. Jones owed respondent's law firm fees in connection with the case. In fact, the court file in the Larry Jones case shows that Mr. Stewart had failed to file a timely response or other answer to the defendants' requests for production of documents as well as the interrogatories to plaintiff. That file further shows that on February 20, 1985, the court assessed attorneys' fees against Mr. Jones for his failure to comply with the discovery requests. On March 1, 1985, Mr. Stewart filed responses on behalf of Larry Jones to defendants' first request to the plaintiff for production of documents and to the defendants' first set of interrogatories, but failed to comply with the court's order directing plaintiff Jones to pay the attorneys' fees. The record further shows that on June 14, 1985, after hearing oral argument, the court sustained the defendants' motion to dismiss for failure to state a claim or, in the alternative, for summary judgment and sustained the defendants' motion to dismiss for failure to comply with the February 20, 1985, order for sanctions.

Respondent Stewart filed an appeal in the Missouri Court of Appeals from the circuit court's order, but neglected to present any challenge to the trial court's dismissal for plaintiff's failure to comply with the order for sanctions. Mr. Stewart challenged only the order sustaining the defendants' motion to dismiss for failure to state a claim or for summary judgment.

The court of appeals affirmed the judgment of the circuit court dismissing plaintiff's action for plaintiff's failure to comply with the February 20, 1985, order imposing sanctions.

Regarding Count II, the evidence shows that Mr. Dortch retained Mr. Stewart to represent him in his claim for employment discrimination and paid respondent $60 for the filing fee. On September 18, 1984, Mr. Stewart filed a complaint on Mr. Dortch's behalf in the federal court in St. Louis. He sent Mr. Dortch a copy. In December he gave Mr. Dortch interrogatories defense counsel had filed. On January 8, 1985, Mr. Dortch met respondent Stewart and gave him the answers to the interrogatories.

In early February, 1985, Mr. Stewart appeared on behalf of plaintiff Dortch at a hearing before the Division of Employment Security in connection with his claim for unemployment compensation. The hearing began but was continued to February 13. Mr. Stewart failed to appear for that hearing but sent another attorney, who indicated that Mr. Stewart was out of town. After the hearing, however, Mr. Dortch went to respondent's law office and found him there.

On April 15, at David Dortch's instance, respondent Stewart met with him and informed him that the court had set the trial of his case for August 12 and that he would contact David Dortch about some depositions to be taken in that case.

On May 14, Mr. Dortch telephoned the respondent, who informed him that he would contact Mr. Dortch regarding depositions and preparations for the August 12 trial. In July, 1985, Mr. Dortch saw respondent Stewart on the street and asked him about the upcoming trial. Respondent informed Mr. Dortch that "everything is under control" and that he would contact Mr. Dortch about the upcoming trial. After that, Mr. Dortch telephoned respondent's law office several times, leaving messages requesting that respondent call him, but he received no such return calls.

On August 16, 1985, Mr. Dortch telephoned the respondent, who then told him that the trial had been continued. He asked Mr. Dortch to call back after Labor Day. On September 3, Mr. Dortch telephoned respondent, who told him that the

case had been continued and to call back later. In October, 1985, Mr. Dortch left telephone messages at the respondent's law office, but respondent failed to return the calls. On November 14, 1985, after numerous attempts, Mr. Dortch reached Mr. Stewart by telephone and set up a meeting for December 11. At that meeting Mr. Stewart told Mr. Dortch that his case had been appealed. Although Mr. Dortch asked for an explanation why the case, in which he had anticipated depositions and a trial, now pended on appeal, Mr. Stewart could give him none. He simply told his client to call every Friday to inquire about the status of the case. Mr. Dortch made those weekly calls, but on only two occasions did he reach respondent, who failed to return the other weekly calls.

In March, 1986, David Dortch began to call respondent's office nearly every day and sent one letter to respondent's law firm asking about the status of his case. Mr. Stewart returned none of those calls and sent him no correspondence, notes, records, copies of pleadings (other than the original complaint and the interrogatories) or other information about the case.

Finally, on May 15, 1986, Mr. Dortch and Mr. Jones confronted respondent in his office. He told them that David Dortch's case had been dismissed on appeal and that he owed the defendant $3,000 because of the sanctions imposed after he failed to appear for a deposition.

In the Dortch case Mr. Stewart failed to file timely answers to interrogatories and timely responses to the defendant's request for production of documents. The court set the case for trial on August 12, 1985. The defendant moved to compel responses to the request for production. On April 14, 1985, the district court sustained defendant's motion to compel responses to the request for production. Thereafter, the defendant moved for sanctions for plaintiff's failure to comply with the trial court's order of April 14 sustaining defendant's motion to compel. On May 1, 1985, Mr. Stewart finally filed plaintiff's answers and responses to the discovery requests. Nevertheless, the defendant moved for sanctions

for plaintiff's failure to cooperate with discovery and for failure to file a timely pretrial compliance pursuant to the court's order relating to trial.

The district court sustained the defendant's motion for sanctions, dismissed plaintiff's action and ordered the plaintiff to pay the defendant's reasonable expenses and attorney's fees. The court later denied Mr. Stewart's motion to reconsider.

Respondent Stewart filed a notice of appeal on behalf of plaintiff Dortch, but the United States Court of Appeals later dismissed the appeal for failure to prosecute and ordered the plaintiff to pay the defendant's attorney's fees.

After hearing the evidence, Judge Romines made identical findings regarding each of the two counts. In each count he found that Mr. Stewart had acted incompetently in handling the Jones and the Dortch cases in that he failed to undertake necessary preparation of the cases, thereby prejudicing the plaintiffs' rights. He also found that in handling the two lawsuits, Mr. Stewart had neglected matters entrusted to him, that he failed to keep the plaintiffs informed in any manner whatsoever of the status of their respective cases, including his failures to respond to discovery requests, the courts' sanction orders and the status of the respective appeals.

In addition, Judge Romines found that in each of the cases respondent Stewart failed reasonably and promptly to act, that he failed to comply promptly with reasonable requests from the plaintiffs for information regarding their cases, that he failed accurately to explain what had occurred, completely depriving each plaintiff of the opportunity to make informed decisions regarding his representation of them. Finally, the court found that Mr. Stewart failed to make any efforts to expedite the two lawsuits consistent with the interests of the two plaintiffs.

Judge Romines concluded as a matter of law that respondent Stewart had been accorded due process of law during the investigation and hearings of the bar committee; that before January 1, 1986, he had violated Supreme Court Rule 4 DR 6–101(A)(2) in

that he handled legal matters without adequate preparation; that he had violated Rule 4 DR 6–101(A)(3) in that he neglected legal matters entrusted to him; that he had violated Rule 4 DR 1–102(A)(1) in that he violated the disciplinary rules then in effect. The court also concluded that after January 1, 1986, Mr. Stewart had violated Rule 1.3 in that he had failed to act with reasonable diligence and promptness in representing his clients, Larry Jones and David Dortch, and that he had also violated Rule 1.4(a) in failing to keep them reasonably informed about the status of their cases and in failing to comply promptly with reasonable requests from his clients for information. Judge Romines also concluded that Mr. Stewart had violated Rule 1.4(b) in that he had failed to explain matters to the extent reasonably necessary to permit his clients to make informed decisions regarding his representation of them. Finally, Judge Romines concluded that Mr. Stewart had violated Rule 3.2 in that he had failed to make reasonable efforts to expedite litigation consistent with the interests of his clients Jones and Dortch.

Judge Romines recommended to this Court that Morgan Stewart be disbarred, that his license to practice law be terminated and that his name be stricken from the roll of attorneys. He further recommended that respondent be advised that no motion to reinstate him as a member of the bar of this state would be entertained for a period of two years after his disbarment.

The foregoing findings and conclusions of the master serve only to advise this Court, and we must "review the evidence, assign credibility to witness testimony, and make all necessary factual determinations." *In re Staab*, 719 S.W.2d 780, 781 (Mo. banc 1986). Respondent's guilt with respect to each of the alleged violations of a disciplinary rule must be established by a preponderance of the evidence as a predicate to his guilt. *In re Vails*, 768 S.W.2d 78, 79 (Mo. banc 1989). After careful review of the transcript of the evidence and the allegations of the information filed in this case against Mr. Stewart, we have concluded that more than ample evidence supports the findings of the master, Judge

Romines, on each and every count of the information. Moreover, respondent Stewart has failed and neglected at every stage of the proceedings against him to appear and challenge his accusers.

For the foregoing reasons, we adopt the findings and conclusions of the master and hereby order that respondent Morgan Stewart be disbarred, that his license to practice law in this state be terminated and that his name be stricken from the roll of attorneys in this state.

BLACKMAR, C.J., and ROBERTSON, RENDLEN, HIGGINS, COVINGTON, and BILLINGS, JJ., concur.

HOLSTEIN, J., not participating because not a member of the Court when the case was submitted.